IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARSHALL RICHARDSON,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**GEORGIA-PACIFIC CORPORATION,** )<br>**et al.,** )<br>)<br>    **Defendants.** ) | CIVIL ACTION 07-0732-WS-C |

## ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 6). The parties have filed briefs in support of their respective positions, (Docs. 6, 13, 14), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to remand is due to be granted in part and denied in part.

### BACKGROUND

This action was filed in the Circuit Court of Monroe County in July 2006. The original complaint named only Georgia-Pacific Corporation ("Georgia-Pacific") as a defendant, and its single count sought recovery only of worker's compensation benefits. (Doc. 1, Exhibit 1 Part 1 at 2-6). Pursuant to 28 U.S.C. § 1445(c), such an action is not removable.

On or about September 18, 2007, the plaintiff filed an amended complaint, which accomplished several things. First, it added claims for: wrongful termination in retaliation for filing a claim for worker's compensation benefits, in violation of Alabama Code § 25-5-11.1 (Count Two); breach of contract (Count Three); and outrageous conduct (Count Four). Second, it added Metropolitan Life Insurance Company

("MetLife") as a defendant. MetLife timely removed, and G-P timely joined in the removal, on October 10, 2007. (Docs. 1, 4). The removal was based on the complete preemption that is incident to the Employee Retirement Income and Security Act of 1974 ("ERISA").

## DISCUSSION

### I. Scope of the Amended Complaint.

The defendants' theory is that the amended complaint expanded the lawsuit to encompass claims for benefits under a disability policy issued by MetLife. The plaintiff argues that the defendants misread the amended complaint. In particular, he asserts that "it is clear that the Plaintiff is claiming worker's compensation benefits on account of being injured on the job, and not disability benefits as a result of a non job related injury." (Doc. 6 at 6). The Court's review of the amended complaint confirms that the plaintiff seeks recovery for failure to pay disability benefits as an alternative to recovery for failure to pay worker's compensation benefits.

Count Three, for breach of contract, alleges that the plaintiff's employment agreement with Georgia-Pacific required Georgia-Pacific to provide wage protection coverage: worker's compensation payments if his injury was work related, disability payments if the injury was not work related. The amended complaint then alleges that the plaintiff has received neither worker's compensation payments nor disability benefits and that this failure constitutes a breach of contract by both Georgia-Pacific and MetLife. MetLife is alleged to have been the company providing disability coverage for Georgia-Pacific employees, pursuant to a contract with Georgia-Pacific to do so, but it is not alleged to have had any connection with worker's compensation coverage. (Doc. 1, Exhibit 1 Part 5 at 21-22). Thus, MetLife could not possibly be sued for breach of a contract to provide worker's compensation benefits, but could be sued only for breach of a contract to provide disability benefits.

Count Four, for outrageous conduct, repeats some of the allegations from Count Three and adds some allegations about how the plaintiff's bid for benefits was handled. It concludes by alleging that the plaintiff was damaged by the refusal of "the Defendant" (Georgia-Pacific) to pay worker's compensation benefits and by the actions of "the Defendants" (Georgia-Pacific and MetLife) "preventing the Plaintiff from even receiving his disability benefits." (Doc. 1, Exhibit 1 Part 5 at 22-24). Count Four thus plainly sues MetLife in connection with the plaintiff's failure to receive disability benefits.

The plaintiff insists that all his references to MetLife are merely for the purpose of giving factual background to his claims against Georgia-Pacific. The problem is that the amended complaint names MetLife as a defendant and seeks recovery for breach of contract and outrageous conduct against both "Defendants," not against Georgia-Pacific alone. On its face, the amended complaint seeks recovery against MetLife; the only question is whether it seeks that recovery due to a failure to receive worker's compensation benefits or due to a failure to receive disability benefits. As discussed above, it is plainly the latter.

It may be, as the plaintiff insists, that he was injured on the job and that he cannot receive disability benefits from such an injury. In such an event, the plaintiff presumably could not recover from MetLife. A plaintiff remains free, however, to plead in the alternative, and the plaintiff has pleaded in the alternative that MetLife bears legal responsibility for his failure to receive disability benefits, assuming his injury was not job related. The amended complaint does not leave room for doubt on that score.

The plaintiff attempts to undo his pleading by asserting in an affidavit that it "is not designed to obtain short term or long term disability payments from" MetLife. (Doc. 6 at 9-10). The subjective design of the pleader, however, cannot neutralize the clear language of the pleading itself. The plaintiff's motion to dismiss MetLife, (Doc. 7), which has already been denied for failure to comply with a local rule requiring a brief, (Doc. 9), is similarly ineffectual.

## II.  Complete Preemption.

"[T]here is complete preemption when four elements are satisfied.  First, there must be a relevant ERISA plan.  Second, the plaintiff must have standing to sue under that plan.  Third, the defendant must be an ERISA entity.  Finally, the complaint must seek compensatory relief akin to that available under [29 U.S.C. § 502(a)]; often, this will be a claim for benefits due under a plan."  *Cotton v. Massachusetts Mutual Life Insurance Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005) (summarizing *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999)).

The Court's review of MetLife's exhibits accompanying its notice of removal, the amended complaint, and the relevant statutes and case law confirms that these elements are satisfied.  Because the plaintiff does not dispute that complete preemption applies, the Court will not extend this opinion to address this issue in detail.

## III.  Partial Remand.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  This prohibition extends to claims under Ala. Code § 25-5-11.1 for discharge in retaliation for filing a claim for worker's compensation benefits.  *Reed v. Heil Co.*, 206 F.3d 1055, 1060-61 (11th Cir. 2000).  Counts One and Two of the amended complaint are captured by this rule.  The result in *Reed*, in which the plaintiff brought claims for violations of Section 25-5-11.1 and the Americans with Disabilities Act ("ADA"), was retention of the ADA claim and remand of the retaliatory discharge claim.  206 F.3d at 1061, 1063.

The defendants argue that, unlike in *Reed*, the worker's compensation claims should be retained in federal court.  Their theory is that these claims are "separate and independent" from the claims for breach of contract and outrage, and that such claims may be retained in federal court under 28 U.S.C. § 1441(c) despite the prohibition of

Section 1445(c).  The defendants cite no authority supporting this proposition,[1] and the Court will not conduct the defendants' research on their behalf.  In any event, Counts One and Two are not separate and independent from Counts Three and Four.  The express and necessary premise of the defendants' argument is that the latter counts address only the denial of disability benefits but, on their face, these counts also address the denial of worker's compensation benefits.[2]  *See In re:  City of Mobile*, 75 F.3d 605, 608 (11th Cir. 1996) ("Where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c).").  Even were Counts One and Two separate and independent, and even if that furnished grounds to ignore Section 1445(c), the Court would still remand these counts pursuant to the discretion to do so provided by Section 1441(c) for "all matters in which State law predominates."

Without providing any argument, the defendants cite 28 U.S.C. § 1367(a) as an additional basis for retaining Counts One and Two.  That statute provides supplemental jurisdiction over claims forming part of the same case or controversy as those as to which original jurisdiction obtains.  However, using Section 1367(a) to override Section 1445(c) would be inconsistent with *Reed*, in which the Court acknowledged Section 1367(a) but concluded that remand of the worker's compensation claim was required because Section

---

[1] The Court in *Bolton v. McWane Cast Iron & Pipe Co.*, 328 F. Supp. 2d 1229 (N.D. Ala. 2004), simply noted that the worker's compensation claims were not separate and independent from the removable claims.  *Id*. at 1323.  That does not translate into an endorsement of the defendants' legal argument, any more than does the Court's similar conclusion here.

[2] In Count Three, the amended complaint alleges that the defendants breached a contract because the plaintiff was paid "neither his worker's compensation benefits [n]or his disability benefits."  (Doc. 1, Exhibit 1 Part 5 at 21).  In Count Four, the amended complaint bases the tort of outrage on "the refusal ... to pay worker's compensation benefits" as well as on the defendants' actions "preventing the Plaintiff from even receiving his disability benefits."  (*Id*. at 23).

1445(c) deprived the federal courts of subject matter jurisdiction. 206 F.3d at 1058, 1061.[3]

## IV. Stay of Proceedings.

The defendants ask the Court to stay these proceedings pending resolution of the remanded worker's compensation claims. Because the defendants have filed no motion for such relief, because the two sentences they devote to the request does not constitute adequate briefing, and because the plaintiff has had no opportunity to respond to the request, the Court declines to consider a stay at this time, without precluding the parties from raising and addressing the issue appropriately.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **granted** with respect to Counts One and Two and **denied** with respect to Counts Three and Four. Counts One and Two are **remanded** to the Circuit Court of Monroe County.

DONE and ORDERED this 5th day of November, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] Although the *Reed* Court did not expressly articulate its reason for rejecting supplemental jurisdiction over worker's compensation claims, it presumably relied on Section 1367(a)'s disclaimer of supplemental jurisdiction when "expressly provided otherwise by Federal statute." *See Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 WL 570078 at *3 (M.D. Fla. 2007) (adopting this rationale).

-6-